# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY PERKINS,

                Plaintiff,

v.

RANDALL R. HEPP, JOHN J. MAGGIONCALDA, JOHN E. LITSCHER, MARK SCHOMISCH, and CANDACE WHITMAN,

                Defendants.

Case No. 18-CV-1058-JPS

**ORDER**

    Plaintiff, who is incarcerated at Fox Lake Correctional Institution ("FLCI"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #5). Plaintiff has been assessed and paid an initial partial filing fee of $1.45. 28 U.S.C. § 1915(b)(4).

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774

(7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings

that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff has been confined at FLCI since December 5, 2016. (Docket #1 at 3). He alleges that during his time there, the drinking water has been contaminated with toxins, including lead, copper, manganese, and arsenic. *Id.* He says that the water tastes disgusting and often has a brownish color. *Id.* The prison apparently acknowledged in a 2015 memorandum a problem with the drinking water, but by the time Plaintiff filed grievances about the water in 2018, prison officials claimed that the problem had been abated. *Id.* at 2–4 and (Docket #1-2).[1] He believes the problem persists.

Plaintiff requested bottled water or a transfer to a different institution, but his requests were denied. (Docket #1 at 4–5). He further alleges that warden Randall Hepp ("Hepp"), building grounds

---

[1] Plaintiff does not explain how he came to learn about a memorandum that was circulated more than a year before his arrival at FLCI.

superintendent John Maggioncalda ("Maggioncalda"), secretary of corrections Jon Litscher ("Litscher"), security director Mark Schomisch ("Schomisch"), and health services unit manager Candace Whitman ("Whitman") all knew about the water contamination that posed a danger to Plaintiff and other inmates and failed to take measures to eliminate the problem. *Id.* at 3. Finally, Plaintiff has high blood pressure, and he alleges Hepp and Maggioncalda acknowledged in the 2015 memorandum that inmates with high blood pressure are more likely than healthy adults to be affected by lead exposure. *Id.* at 3.

Construing Plaintiff's allegations generously, they are sufficient to state an Eighth Amendment conditions-of-confinement claim against the defendants. The Eighth Amendment protects inmates from prison conditions that constitute "the unnecessary and wanton infliction of pain." *Hudson v. McMillian,* 501 U.S. 1, 5 (1992). This includes a right to confinement under humane conditions that provide for inmates' basic human needs. *See Childress v. Walker,* 787 F.3d 433, 438–39 (7th Cir. 2015). A prison official who exhibits deliberate indifference to conditions of confinement that deprive an inmate of "the minimal civilized measure of life's necessities" violates the Eighth Amendment. *Farmer v. Brennan,* 511 U.S. 825, 834 (1970).

A conditions-of-confinement claim has both objective and subjective components. *See Estate of Miller, ex rel. Bertram v. Tobiasz,* 680 F.3d 984, 989 (7th Cir. 2012). The plaintiff must plausibly allege that 1) his confinement conditions were objectively serious as to deprive him of "the minimal civilized measure of life's necessities;" and 2) the defendants' acts or omissions in response to those conditions coincided with "a sufficiently

culpable state of mind." *See Wilson v. Seiter,* 501 U.S. 294, 297, 304 (1991); *see also Townsend v. Cooper,* 759 F.3d 678, 687 (7th Cir. 2014).

As to the objective element, ordinary discomfort does not implicate the Eighth Amendment; hardship is "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981) (citation omitted). The court must scrutinize prison conditions in the context of the "evolving standards of decency that mark the progress of a maturing society." *Id.* at 346.

As to the subjective element, an inmate must allege that prison officials were involved in creating a problematic prison condition or were aware of a problematic condition and did nothing to abate it. *See Townsend,* 759 F.3d at 687 (inmate must demonstrate that the defendants acted with knowledge that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it); *see also White v. Monohan,* 326 Fed. App'x 385, 388 (7th Cir. 2010) (allegation that defendants were "aware of the conditions" and "did 'nothing' to address [them] except make them worse" stated a claim).

Although "[n]othing in the Constitution requires that each prisoner be provided with clean, cold, warm, or any other form of running water in his cell," *Jelinek v. Roth,* No. 93–3316, 1994 WL 447266, at *2 (7th Cir. Aug. 19, 1994), courts in the Seventh Circuit have held that lack of adequate drinking water can amount to an objectively serious condition of confinement. *See, e.g., Davis v. Biller,* No. 00-CV-50261, 2003 WL 22764872, at *2 (N.D. Ill. Nov. 18, 2003) (holding inmates have a basic right to adequate drinking water).

In this case, Plaintiff's allegations concerning unsafe drinking water satisfy the objective prong of a conditions-of-confinement claim for the

purposes of screening. As to the subjective element, Plaintiff has sufficiently alleged that each named defendant knew about the unsafe drinking water and failed to take steps to correct the problem. It may be the case that the defendants responded appropriately to the problem of contaminated water, or at least did not act with deliberate indifference to the problem, but that is an issue to be developed in later stages of the case.

Thus, for the reasons stated above, Plaintiff shall be permitted to proceed against the defendants for violation of his Eighth Amendment rights by failing to address a known risk to his health posed by the allegedly contaminated drinking water. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #5) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance

with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

    **IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the institution where the inmate is confined;

    **IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

    In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

    Dated at Milwaukee, Wisconsin, this 13th day of September, 2018.

BY THE COURT:

*[signature]*

J. P. Stadtmueller
U.S. District Judge