IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY PERKINS,

      Plaintiff,

v.                  OPINION and ORDER

RANDALL R. HEPP, JOHN J. MAGGIONCALDA,
JOHN E. LITSCHER, MARK SCHOMISCH,    19-cv-216-jdp
and CANDACE WHITMAN,

      Defendants.

---

  Plaintiff Anthony Perkins, appearing pro se, is an inmate at Fox Lake Correctional Institution (FLCI). Perkins is one of many prisoners who filed lawsuits alleging that water at the prison contained unsafe amounts of lead, copper, and other contaminants. Perkins filed his lawsuit in the United States District Court for the Eastern District of Wisconsin; that court screened Perkins's complaint and concluded that he could proceed with Eighth Amendment conditions-of-confinement claims about defendant prison officials disregarding the risk the contaminated water posed to inmates. Dkt. 8. The Eastern District court later transferred the case to this court, in part because I was already handling numerous other FLCI water cases, including *Stapleton v. Carr*, No. 16-cv-406-jdp, a multi-plaintiff lawsuit in which the court recruited counsel and appointed water-quality and medical/toxicology experts.

  In the *Stapleton* case, I ultimately granted summary judgment to defendants on plaintiffs' claims that DOC officials consciously disregarded the risk of harm from the contaminants in the water. 438 F. Supp. 3d 925 (W.D. Wis. Feb. 7, 2020). The undisputed evidence showed that the defendants had not acted with conscious disregard to the water

problems at FLCI, but that instead, they had attempted to remediate the lead and copper in the water. *Id.* at 939.

The *Stapleton* decision was not docketed in Perkins's case but the reasoning applies to his conditions-of-confinement claims as well, so he may no longer proceed on claims that high-level officials disregarded the threat from contaminants in the water. I will direct the clerk of court to docket that order in Perkins's case and send him a copy.

The *Stapleton* decision did not resolve claims that individual prisoners received inadequate medical care for problems caused by contaminated water. *Id.* at 942. After the court-appointed medical and toxicology expert received medical records from both consolidated and unconsolidated plaintiffs and issued his report, I granted court-recruited counsel's motion to withdraw from the *Stapleton* case and I directed each plaintiff to submit an amended complaint limited to the plaintiff's medical care claims. I will give Perkins the same opportunity to submit an amended complaint. In doing so he should (1) explain what medical problems, if any, he has suffered from the contaminated water; (2) amend the caption to include the medical officials who he believes are responsible for his medical problems; and (3) state what each of those defendants did or failed to do that harmed him. If Perkins fails to submit a new amended complaint by the deadline set below, I will dismiss this case.

ORDER

IT IS ORDERED that:

1. Plaintiff Anthony Perkins may have until October 25, 2021, to submit an amended complaint as explained in the opinion above.

2. The clerk of court is directed to docket in this case the court's opinion at Dkt. 160 in *Stapleton v. Carr*, No. 16-cv-406-jdp, and to send plaintiff a copy of that opinion.

Entered October 4, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge