IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTHONY PERKINS,

                Plaintiff,

v.

RANDALL R. HEPP, JOHN J. MAGGIONCALDA,
JOHN E. LITSCHER, MARK SCHOMISCH,
and CANDACE WHITMAN,

                Defendants.

OPINION and ORDER

19-cv-216-jdp

---

Plaintiff Anthony Perkins, appearing pro se, is a former inmate at Fox Lake Correctional Institution. Perkins is one of many prisoners who filed lawsuits alleging that water at the prison contained unsafe amounts of lead, copper, and other contaminants. This opinion concerns Perkins's amended complaint about prison staff's failure to provide him with different water despite his particular susceptibility to harm from the contaminated water.

Perkins originally filed his lawsuit in the United States District Court for the Eastern District of Wisconsin; that court screened Perkins's complaint and concluded that he could proceed with Eighth Amendment conditions-of-confinement claims about defendant prison officials disregarding the risk the contaminated water posed to inmates. Dkt. 8. After the Eastern District court transferred Perkins's case to this court, I dismissed his conditions-of-confinement claims, following my order granting summary judgment to prison officials in *Stapleton v. Carr*, No. 16-cv-406-jdp, on similar claims. *See Stapleton*, 438 F. Supp. 3d 925 (W.D. Wis. Feb. 7, 2020). I directed Perkins to file an amended complaint limited to his claims about inadequate medical care for problems caused by the contaminated water. Dkt. 19.

Perkins has now filed an amended complaint. Dkt. 31. It contains some conditions-of-confinement claims similar to the claims on which he was initially allowed to proceed by the Eastern District court; I will disregard those claims given my ruling in *Stapleton*. But Perkins also alleges that he is particularly susceptible to injury from lead in the water because of his high blood pressure and that he takes medication for that condition. He wrote to various prison officials about the increased risk he faced, including defendants DOC Secretary John Litscher, Warden Randall Hepp, Grounds Superintendent John Maggioncalda, Security Director Mark Schomisch, Health Services Unit Manager Candace Whitman, and Nurse W. Polenska. He asked defendants for different, healthier water to drink, but none of the defendants provided him with different water. Perkins was later diagnosed with chronic kidney disease and he suffers from various medical problems because of it, including headaches, back pain, and trouble urinating. Even after being diagnosed with kidney disease, defendants did not provide him with different water.

These allegations are sufficient for Perkins to state an Eighth Amendment claim against defendant medical providers Whitman and Polenska for ignoring the risk of harm that the contaminated water posed to his health by refusing his requests for different water. I will not allow him to proceed on Eighth Amendment claims against the non-medical officials he contacted. The question whether prison officials should have given different water specifically to inmates suffering from pre-existing conditions like high blood pressure is a medical question that non-medical officers like the warden or DOC secretary weren't plausibly responsible for answering. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[T]he Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.").

ORDER

IT IS ORDERED that:

1. Plaintiff Anthony Perkins is GRANTED leave to proceed on Eighth Amendment medical care claims against defendants Candice Whitman and W. Polenska.

2. The remaining defendants are DISMISSED from the case.

3. The Wisconsin Department of Justice may have until March 15, 2022, to notify the court whether it will accept service for the new defendants.

4. After defendants are served, the clerk of court is directed to set a preliminary pretrial conference before Magistrate Judge Stephen Crocker to set a schedule for the remainder of the case.

Entered March 1, 2022.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge